## SLYDELL v. CAPITAL TRANSIT CO.
### No. 88789.

District Court of the United States for the District of Columbia.

Oct. 6, 1939.

over, as stated above concerning interrogatory, the motion is not timely. Also other facts shown at hearing negative the idea of any good cause existing in support of the motion.

### SHARP v. PENNSYLVANIA–READING SEASHORE LINES.
### No. 490.

District Court, D. New Jersey.

Nov. 9, 1939.

Lester Wood and I. H. Halpern, both of Washington, D. C., for plaintiff.

H. W. Kelly and R. E. L. Goff, both of Washington, D. C., for defendant.

PROCTOR, Justice.

1. For Interrogatories—Rule 33, Rules of Civil Procedure for District Courts, 28 U. S.C.A. following section 723c.

Objection to Interrogatory is sustained. Upon the facts appearing at the hearing, the interrogatory is not justified. Moreover, such steps should be taken seasonably and not be delayed until pre-trial of the case. Except as to some newly developed situation, all such preliminary matters should be disposed of before pre-trial. The proposed interrogatory also seems objectionable in form. It would cast upon the defendant the duty and responsibility of determining questions of law as to relevancy of matters referred to in the questions.

2. For Discovery—Rule 34.

Objection thereto is sustained and motion denied. Good cause is not shown as required by Rule. The documents are not evidence, except possibly as a means of contradicting one who in the trial may testify contrary to a previous written statement, signed or approved by him. More-